**EXHIBIT E**

## SECOND RENT ARREARS PAYMENT AGREEMENT

THIS AGREEMENT (hereafter the "Agreement") is made on July ____, 2017 by and between HARARY GROUP LLC, as successor to the Harary Group, a NJ partnership ("Landlord") and H.K.S. of EAST BRUNSWICK REALTY L.L.C., as assignee of Hong Kong Supermarket of East Brunswick, Inc. ("Tenant"), and Jeffrey Wu a/k/a Myint J. Kyaw ("Guarantor")

## RECITALS

WHEREAS, Harary Group and Hong Kong Supermarket of East Brunswick, Inc. entered into a Lease dated September 15, 2011 (the "Lease") for approximately 53,800 square feet of space in the shopping center known as the Miracle Mall, located at 275 Route 18 East Brunswick, New Jersey (the "Premises"); and

WHEREAS, the Guarantor absolutely and unconditionally guaranteed the performance of the Tenant's obligations under the Lease pursuant to Guaranty executed on September 15, 2011, and which Guaranty was limited to an amount not to exceed six (6) months Basic Rent and Additional Rent due under the terms of the Lease; and

WHEREAS, the Landlord and Tenant entered into a Rent Arrears Payment Agreement dated as of December 1, 2014 providing for Tenant to make payment to Landlord of its then rent arrears, which agreement Tenant subsequently defaulted under; and

WHEREAS, in August, 2016 Landlord commenced a summary dispossess action against Tenant in the Superior Court of New Jersey, Middlesex County Landlord-Tenant Division, Docket No. LT-8173-16 (hereinafter referred to as the "Action"), and on October 5, 2016 a Consent to Enter Judgment was entered by the Court; and

WHEREAS, the Tenant has remained in possession of the Premises, and is currently in default of its rent and additional rent payment (hereinafter collectively referred to as the "Rent") obligations under the terms of the Lease in the amount of $925,576.85 as of July 31, 2017, as more fully set forth on the attached Lease Statement; and

WHEREAS, the Landlord has agreed to permit Tenant to remain in the Premises upon the terms hereinafter set forth.

NOW, IN CONSIDERATION, of the payments described herein, and other good and valuable consideration and the mutual promises and covenants contained herein, the receipt and sufficiency of which the parties acknowledge, the parties do hereby agree as follows:

1. Tenant acknowledges and agrees that it is currently in default for the Rent due and payable under the terms of the Lease in the amount of $925,576.85. Not later than three (3) business days from the date of execution of this Agreement by both parties (the "Effective Date"), Tenant shall remit payment to Landlord by bank check or other immediately available funds in the amount of $100,000.00, with Tenant to pay an additional $74,136.12 to Landlord on or before August 11, 2017, by bank check or other immediately available funds. Such payments will reduce the Rent arrears due from Tenant as of July 31, 2017, to $751,440.73. In consideration of Tenant making such payments within the time periods set forth above, and as a condition thereof, Landlord agrees that for the months of August through November, 2017, Tenant shall not be required to pay the Basic Rent for the Premises or Additional Rent, provided Tenant shall remain responsible for payment of the Real Estate Taxes for the Premises for said months, in the monthly amount of $20,897.39, payable on the first day of each such month. Commencing December 1, 2017, Tenant shall be required to pay the full monthly Rent of $87,068.06 (subject to adjustment as set forth in the Lease).

2. Tenant has advised Landlord that Tenant intends to make improvements to the Premises (the "Tenant Improvements") by constructing a food court on the Premises (the "Food Court") in the near future in an amount costing approximately $1.5 million, but not less than $1.0 million. An architect's plan of the Food Court is annexed hereto as Exhibit "A". Provided Tenant substantially completes such improvements by August 1, 2018, Landlord agrees that it shall forgive the balance of the Rent arrears due from Tenant as of July 31, 2017 in the amount of $751,440.73 (the "Rent Debt"). The forgiveness of the Rent Debt shall be expressly conditioned upon Tenant complying with all of the following:

   a. Tenant substantially completing the Tenant Improvements on or before August 1, 2018. The Tenant Improvements shall be deemed fully completed upon Tenant receiving all required permits and approvals for the Tenant Improvements, including but not limited to, any required certificate of occupancy from the Township of East Brunswick, however, the parties acknowledge the possibility of delay in municipal permitting and certification caused by the Township.

   b. Tenant providing to Landlord by August 1, 2018, paid invoices from all contractors for work and materials actually performed in connection with the Tenant Improvements, confirming the cost of work and materials installed in an amount of approximately $1.5 million, or such sum as may be necessary to complete the Food Court consistent with Exhibit A, subject to any necessary changes and municipal and other governmental requirements and approvals, but in no event less than $1.0 million.

   c. Tenant providing to Landlord by August 1, 2018, final lien waivers from all contractors and suppliers providing work and materials in connection with the Tenant Improvements.

d. Tenant complying with the following schedule for the Tenant Improvements:

(i) all applications for permits and approvals required for the Tenant Improvements shall be submitted to the Township of East Brunswick and to any other applicable governmental entity within sixty (60) days from the Effective Date hereof;

(ii) all permits and approvals for commencement of the Tenant Improvements shall be obtained by Tenant within six (6) months from the Effective Date hereof;

(iii) work on the Tenant Improvements shall commence within thirty (30) days after tenant receives the required permits and approvals allowing the work to commence.

(e) Tenant shall have paid the said $174,136.12 as provided in Paragraph 1 of this Agreement, and Tenant being current in its Rent payments due to Landlord from December 1, 2017 through the date of completion of the Tenant Improvements as provided in this Paragraph 2

(f) Tenant shall provide to Landlord copies of applications, plans, permits, approvals and notices submitted by Tenant and/or received from the Township of East Brunswick relating to the Tenant Improvements, promptly upon submission by Tenant or receipt from the Township. Tenant shall advise Landlord as to the status of such applications, plans, permits and approvals within five (5) days of written request from Landlord.

3. TIME IS OF THE ESSENCE with respect to all time periods set forth in this Agreement. Tenant's failure to substantially complete the Food Court by August 1, 2018, or to perform any other obligations set forth in this Agreement within the time periods set forth herein, including but not limited to the rent payment obligations set forth in this Agreement, shall be deemed a default by Tenant under the terms of this Agreement, except that any delay in completing the Food Court or in complying with Paragraph 2(d) above resulting from delays in

municipal scheduling, permitting or certification not caused by Tenant, shall not be deemed a default, and the time period for completion of the Food Court shall be reasonably extended taking in to consideration the time period of any delay caused by the Township.

4. In the event Tenant defaults under the terms of this Agreement, and Tenant does not cure any monetary default within ten (10) days of its receipt of written notice of such monetary default from Landlord or within thirty (30) days of its receipt of written notice of any non-monetary default, Tenant's right to continued possession of the Premises shall immediately cease and terminate, upon written notice from Landlord. Such notice of default from Landlord shall be given to Hayes Young, Esq., the attorney for Tenant, by email transmission to hayesyoungesq@gmail.com and email transmission to Tenant at j888wu@gmail.com, with a written copy sent to Tenant as provided in Section 53 of the Lease. The notice shall be deemed received by Tenant on the date of email service of the written notice on Hayes Young and Tenant as provided above, with confirmation of receipt by Hayes Young, or upon delivery to Tenant at the Premises, whichever is sooner. In furtherance hereof, Tenant has simultaneously with the execution of this Agreement, execute the attached Surrender Agreement pursuant to which Tenant surrenders possession of the entire Premises to Landlord and relinquishes to Landlord all of its right, title and interest in the Premises. This Surrender Agreement shall be held in escrow by the attorney for Landlord (The Weir Law Firm, LLC) until such time as (a) Tenant timely performs all of its obligations under the terms of this Agreement subject to the notice and cure provisions set forth above, through the date of full compliance with the requirements of Paragraphs 1 and 2, in which case the Surrender Agreement shall be of no further force or effect and shall be returned to Tenant, or (b) Tenant defaults hereunder as set forth in a written notice from Landlord to Tenant, in which event, the Surrender Agreement shall be released from

escrow to Landlord and shall become immediately effective upon such release. Tenant shall remove all of its property, furniture, and equipment from the Premises within ten (10) days after the Surrender Agreement becomes effective.

5. Guarantor agrees that his Guaranty is hereby amended to remove the six (6) month limitation on the amount he is responsible for under the terms of the Guaranty, with the intent that Guarantor shall be absolutely and unconditionally liable to Landlord, its successors and assigns, for the full, prompt and punctual performance and observance of all of the covenants, conditions and agreements of the Lease, to be performed and observed by Tenant, its successors and assigns, arising from and after August 1, 2017, during the remaining term of the Lease, and any extensions or renewals thereof. Except as expressly modified in this Paragraph 5, all of the terms and provisions of the Guaranty shall remain in full force and effect, and are hereby ratified and confirmed by the Guarantor. It is the intent and understanding of the parties hereto that Guarantor shall remain liable in accordance with the original terms of the Guaranty for all obligations of Tenant arising under the terms of the Lease prior to August 1, 2017 subject to reduction or forgiveness of Tenant's obligations arising prior to August 1, 2017 to the extent expressly set forth in this Agreement.

6. On or before execution of this Agreement, Tenant shall provide to Landlord proof that the insurance coverages required by the Lease are in full force and effect. Tenant shall maintain such insurance as required by the Lease for the full term of the Lease, and any extension or renewal of the term.

7. Upon Tenant's full compliance with the requirements of Paragraphs 1 and 2 and its compliance with Paragraph 6 of this Agreement, through the date of full compliance with the requirements of Paragraphs 1 and 2, Landlord's counsel shall prepare and execute a stipulation of

dismissal with prejudice (but only as to matters arising prior to the date of such dismissal) of the Action which shall be forwarded to Tenant's counsel for counter execution and immediate filing.

8. This agreement shall be binding upon and inure to the benefit of the parties and their respective heirs, legal or personal representatives, successors and assigns.

9. This agreement shall be construed in accordance with the laws of New Jersey.

10. The parties represent that they are fully authorized to execute this agreement and that all formalities attendant to the execution of this agreement have been satisfied.

11. The parties acknowledge that they have carefully read and fully understand all of the terms of this agreement, and that they enter into this agreement voluntarily and with the advice of counsel. The parties agree that their signatures on facsimile or email copies of this Agreement shall be binding on them as if such signatures were their original signatures.

IN WITNESS WHEREOF, this Agreement has been executed and delivered as of the 1 day of ~~July~~ August, 2017.

H.K.S. OF EAST BRUNSWICK REALTY L.L.C. (Tenant)

By: _____
Jeffrey Wu a/k/a Myint J. Kyaw,
Managing Member      7/28/17

WITNESS:

HARARY GROUP LLC (Landlord)

By: _____
Leon Harary, CEO      8/1/17

_____
Guarantor

By: _____
Jeffrey Wu a/k/a Myint J. Kyaw,
7/28/17