**EXHIBIT G**

# LICENSE AGREEMENT

This Agreement is made on this 17th day of April, 2019, by and between HARARY GROUP, LLC, as successor to the Harary Group, a NJ partnership (hereinafter referred to as "Licensor" or "Landlord"), and H.K.S. of East Brunswick Realty L.L.C., as assignee of Hong Kong Supermarket of East Brunswick, Inc. (hereinafter referred to as "Licensee" or "Former Tenant").

WHEREAS, Harary Group and Hong Kong Supermarket of East Brunswick, Inc., entered into a Lease, dated September 15, 2011 (the "Lease"), for approximately 53,800 square feet of space in the shopping center known as the Miracle Mall, located at 275 Route 18 East Brunswick, New Jersey (the "Premises"). Inclusive in that Premises is a supermarket called the Hong Kong Supermarket (the "Supermarket") and a Japanese Sushi Buffet (the "Buffet"); and

WHEREAS, the Landlord and Licensee entered into a Rent Arrears Payment Agreement, dated as of December 1, 2014, which Licensee breached; and

WHEREAS, Landlord and Tenant have entered into a Second Arrears Payment Agreement as of August 1, 2017 which Licensee breached; and

WHEREAS, Tenant is in substantial arrears for rent and additional rent as of the date of this Agreement; and

WHEREAS, in September, 2018, Landlord commenced a summary dispossess action against Licensee in the Superior Court of New Jersey, Middlesex County Landlord-Tenant Division, Docket No. LT-7381-18 (hereinafter referred to as the "Action"), and on October 10, 2018 a Consent to Enter Judgment was entered by the Court; and

WHEREAS, the Consent Judgment granted Landlord a Judgment of Possession for the Premises requiring Tenant to vacate the Premises on or before November 15, 2018; and

WHEREAS, Tenant failed to vacate the Premises on or before November 15, 2018; and

WHEREAS, a Warrant of Removal for the Property was duly executed by the Middlesex County Court Officer Jamie Kelly against the Former Tenant on April 12, 2019; and

WHEREAS, Landlord duly took full and sole possession of the Premises on April 12, 2019;

NOW THEREFORE, in consideration of the terms, mutual covenants and conditions contained herein, the Licensee and Licensor agree as follows:

1. Former Tenant agrees that Landlord is in full and sole possession of the Premises, and to the extent not already removed by the aforesaid Warrant of Removal, relinquishes to Landlord all of its rights, title and interest therein.

2. Licensor hereby grants to Licensee a limited license for Licensee to use that portion of the Supermarket not walled off pursuant to paragraph 3 below to sell any existing goods or products presently on site at the Supermarket. It shall be a breach of this Licensee for Licensee to bring any new product to the Supermarket for sale.

3. Licensor intends to erect a wall in the Supermarket portion of the Premises and Licensee hereby agrees it will not have any right to enter the left portion of the property separated from the remainder of the Supermarket by the soon to be erected wall.

4. Licensor hereby grants to Licensee a limited license for Licensee or its subtenant's use of the Buffet portion of the Premises solely for the purposes of operating a restaurant at the Buffet.

5. Licensor will remain in sole possession of any keys to the Premises and Licensee shall have no right to possession of any keys to the Premises.

6. Licensor will not be deemed to occupy the Premises by virtue of this Agreement.

7. Licensor shall allow the former use of the limited portion of the Supermarket and the Buffet by Licensee, or in the case of the Buffet Licensee's subtenant, beginning on April 13, 2019 at 7:00 a.m., or at 7:00 a.m. on any date following the complete execution of this Agreement.

8. The term will commence on April 13, 2019 at 7:00 a.m. (or any date thereafter in accord with paragraph 6) and will end on April 30, 2019 at 8:00 p.m. (hereinafter referred to as the "Term").

9. Licensor shall be permitted to negotiate and enter into a Lease agreement directly with Licensee's subtenant for the Buffet prior to the expiration of the Term which shall automatically terminate Licensee's limited rights to the Buffet under this Agreement.

10. During the Term, Licensee will maintain the non-structural portions of the Premises in good condition, reasonable wear and tear and casualty damage excepted, and in accordance with its duties under the prior Lease.

11. Licensee shall indemnify, defend and hold harmless Licensor and each of its officers, employees and agents from and against any claim, damages, award, liability, court costs and reasonable attorney's fees (collectively, "Damages") resulting from personal injury, death or property damage arising out of Licensee's use of the Premises or of the Agreement, except the obligation to indemnify and hold harmless is limited to the extent such claims or damages may be due to or caused by the gross negligence or willful misconduct of Licensor or its officers, employees or agents; and provided, further, that Licensee's obligation to indemnify and hold harmless are only to the extent Licensee or any of its officers, employees or agents caused any Damages.

12. Licensee shall remove all personalty, equipment, or other goods from the Premises and voluntarily cease using the Premises on or before the expiration of the Term without any further demand from Licensor.

13. Licensee has no right to retain use of the Premises or any part thereof beyond the expiration of the Term.

14. Licensor retains all rights and remedies available to it at law or in equity against Licensee, and nothing contained within this Agreement shall be deemed a waiver of those rights.

15. This Agreement and the performance thereof shall be governed, interpreted, construed and regulated by the Laws of the State of New Jersey. Venue for any legal or equitable action in relation to the Agreement shall be in the appropriate court of the County of Middlesex.

16. This Agreement may not be sold, assigned or transferred by Licensee.

17. As security for its faithful removal from the Premises on or before April 30, 2019, Licensee shall deposit the sum of $150,000.00 into the escrow account of its attorney, thereafter to be transferred to the escrow account of Ansell Grimm and Aaron, P.C. on or before April 16, 2019. The full escrow shall be returned to Licensee on or before May 10, 2019 upon Licensee's vacating the Premises on or before April 30, 2019. However, should Licensee continue its use of the Premises after April 30, 2019, said sum shall be immediately payable to Landlord as liquidated damages. Licensee shall remain responsible for all utilities currently due and owing and that come due and owing during the Term. To the extent that any utilities for the Premises remain unpaid as of April 30, 2019, Licensor shall

be entitled to retain that portion of the escrow amount sufficient to pay any and all unpaid utilities.

18. The Parties hereto expressly acknowledge and agree that no tenancy is being created by this document, merely a license limited by the within terms.

19. In the event that Licensee breaches this Agreement, Licensee agrees to reimburse any reasonable attorney's fees, costs, moving fees, locksmith fees, or any other fees or charges incurred by Licensor as a result of Licensee's breach.

IN WITNESS THEREOF, the Parties hereto have set their hands and affixed their respective seals the day and year first above written.

Licensor:

Harary Group LLC

By: _____
Name: Leon Harary
Title:
Date: ____12/13/19____

Licensee:

H.K.S. of East Brunswick Realty, LLC

By: _____
Name: Myint J. Kyaw
Title: Managing Member
Date: 4/13/19

As to escrow only:

Ansell Grimm & Aaron, P.C.

By: _____