**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

ANSELL GRIMM & AARON, P.C.
Joshua S. Bauchner, Esq.
Ansell Grimm & Aaron, P.C.
365 Rifle Camp Road
Woodland Park, New Jersey 07424
*Attorneys for Harary Group, LLC*

| | |
|---|---|
| In re:<br><br>MYINT KYAW, a/k/a JEFFREY WU,<br><br>        Debtor. | Case No.: 820-72407-REG<br><br>Chapter 11<br><br>Honorable Robert E. Grossman, U.S.B.J. |
| HARARY GROUP, LLC,<br><br>        Plaintiff,<br><br>   v.<br><br>MYINT KYAW, a/k/a JEFFREY WU,<br><br>        Defendant. | Adv. Pro. No. 8:20-08162-REG<br><br><br><br>**Hearing Date: May 24, 2021** |


**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION TO COMPEL DISCOVERY FROM DEFENDANT AND TO EXTEND THE
<u>DISCOVERY END DATE BY SIXTY DAYS</u>**

**<u>TABLE OF CONTENTS</u>**

<u>**Page(s)**</u>

TABLE OF AUTHORITIES…………………………………………………………….. ii

PRELIMINARY STATEMENT…………………………………………………………. 1

STATEMENT OF FACTS……………………………………………………………….. 3

PROCEDURAL HISTORY……………………………………………………………… 4

STANDARD OF REVIEW…………………………………………………………….. 7

LEGAL ARGUMENT…………………………………………………………………... 9

    I.   Defendant Should Be Compelled To Produce Relevant Discovery…………… 9

        A. Interrogatory No. 5………………………………………………………… 10

        B. Interrogatory No. 12……………………………………………………… 10

        C. Interrogatories No. 15 and 17…………………………………………… 11

        D. Interrogatory No. 23……………………………………………………. 12

        E. Document Demand No. 6………………………………………………… 12

        F. Document Demands No. 9…………………………………………………12

        G. Document Demand Nos. 10, 11, 12, and 14……………………………...13

        H. Document Demand No. 13…………………………………………………13

        I.  Document Demand Nos. 16 and 32…………………………………………14

        J.  Document Demand No. 21…………………………………………………14

        K. Document Demand No. 22…………………………………………………15

        L. Document Demand No. 33…………………………………………………15

        M. Document Demand Nos. 34 and 43………………………………………16

        N. Document Demand Nos. 35 and 36………………………………………16

O. Document Demand No, 37……………………………………………….16

P. Document Demand No. 39……………………………………………….16

Q. Document Demand No. 42……………………………………………….17

CONCLUSION……………………………………………………………………..18

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abu-Nassar v. Elders Futures, Inc.*,
    No. 88 Civ. 7906 (PKL), 1991 U.S. Dist. LEXIS 3794 (S.D.N.Y. Mar. 28,
    1991) .......................................................................................................................... 8-9

*Compagnie Francaise d'Assurance v. Phillips Petroleum Co.*,
    105 F.R.D. 16 (S.D.N.Y. 1984) ....................................................................................8

*Howard v. Galesi*,
    107 F.R.D. 348 (S.D.N.Y. 1985) ..................................................................................8

*In re Lederman*,
    140 B.R. 49 (Bankr. E.D.N.Y. May 18, 1992) ...........................................................10

*Rengifo v. Erevos Enterprises, Inc.*,
    06 Civ. 4266 (RLE), 2007 U.S. Dist. LEXIS 46455 (S.D.N.Y. June 26, 2007).......9

*Roesberg v. Johns-Mansville Corp.*,
    85 F.R.D. 292 (E.D. Pa. 1980) ....................................................................................8

*Storms v. Sera*,
    No. 82 Civ. 5573 (CBM), 1983 U.S. Dist. LEXIS 11649 (S.D.N.Y. Nov. 16,
    1983) ..............................................................................................................................8

**Statutes**

11 U.S.C. § 523(a)(2).......................................................................................................3

Bankruptcy Code Chapter 11 ........................................................................................1, 3

**Other Authorities**

Fed. R. Bankr. P. 7026(b)(1)............................................................................................7

Fed. R. Bankr. P. 7037 .....................................................................................................1

Fed. R. Bankr. P. 7037(a)(2)(B), (a)(3) ...........................................................................7

Fed. R. Civ. P. 26(b)(1).....................................................................................................7

Fed. R. Civ. P. 37(a) .........................................................................................................9

Fed. R. Civ. P. 37(a)(2)(B), (a)(3) ....................................................................................7

Local Bankruptcy Rules Rule 7007-1 ................................................................................................6

Plaintiff Harary Group, LLC ("Plaintiff") respectfully submits this Memorandum of Law in support of its Motion to Compel Discovery From Defendant Myint Kyaw a/k/a Jeffrey Wu ("Defendant") And To Extend The Discovery End Date By Sixty Days.

## PRELIMINARY STATEMENT

The matter at issue arises out of Defendant's fraudulent acts to string Plaintiff along with promises to pay Plaintiff rent that was due in owing and his fraudulent transfer of assets, including funds received from subtenants to the property owned by Plaintiff, in order to avoid the valid debts owed to Plaintiff. Indeed, while collecting rent from his own subtenants, Defendant failed to pay rent owed to Plaintiff and took affirmative steps to defraud Plaintiff and buy time with empty promises only to then funnel the assets to other companies under his control and file for Chapter 11 bankruptcy all the while knowing that Plaintiff had valid claims to the assets he fraudulently transferred.

Now, after having strung Plaintiff along for years refusing to pay his valid debts, Defendant seeks to repeat the same pattern with regard to his discovery obligations. Plaintiff has made multiple good-faith attempts to obtain from Defendant relevant information and documents without the need of Court involvement. However, Defendant has delayed discovery and refused to produce certain necessary information and documents. Accordingly, pursuant to the Court's instructions and *Fed. R. Bankr. P.* 7037, because of Defendant's continued delay and contumacious conduct, Plaintiff respectfully submits this Memorandum of Law in support of its Motion to Compel Discovery From Defendant And To Extend The Discovery End Date By Sixty Days to allow for sufficient time for Plaintiff to obtain and review the necessary discovery.

# STATEMENT OF FACTS

By way of background, on July 5, 2019, Plaintiff filed an Amended Complaint in New Jersey State Court against Defendant and Hong Kong Supermarket of East Brunswick, Inc. ("Hong Kong Supermarket") and H.K.S. of East Brunswick Realty, LLC ("HKS") bearing Docket Number MID-L:-1450-19 (the "State Court Action") which asserts numerous causes of action against Defendant as the guarantor of certain debts of Hong Kong Supermarket and HKS. *See* Dkt. 1 at ¶¶ 4-6.

Plaintiff's claims against Defendant arise out of their landlord/tenant relationship based on a written Lease between Plaintiff's predecessor-in-interest and the then soon to be formed Hong Kong Supermarket, for the use of certain real property located at 275 Route 18, East Brunswick, New Jersey 08816 (the "Property"), which was renegotiated and extended on September 5, 2011. *Id.* at ¶¶ 7, 17.

Defendant agreed to guarantee all payments due under the Lease Extension and executed a guaranty on September 15, 2011, for any rent and additional rent due under the Lease Extension which remains unpaid by Hong Kong Supermarket. *Id.* at ¶¶ 28-29. Sometime after September 15, 2011, Hong Kong Supermarket assigned its rights under the Lease to HKS. *Id.* at ¶¶ 30.

As of November 25, 2014, Hong Kong Supermarket and HKS were approximately $437,886.72 in arrears for rent and additional rent. Accordingly, on December 1, 2014, Plaintiff, Hong Kong Supermarket, and HKS entered into the Rent Arrears Agreement to address the non-payment of rent. *Id.* at ¶¶ 31-32.

Hong Kong Supermarket and HKS breached the Rent Arrears Agreement by failing to make all payments due thereunder. Then, on or about August 1, 2017, Plaintiff, Hong Kong Supermarket, HKS, and Defendant entered into the Second Rent Arrears Payment Agreement. *Id.*

at ¶¶ 35-36.  As part of the Agreement, in exchange for forgiveness of $751,440.73 in outstanding rent, Hong Kong Supermarket, HKS, and Defendant agreed to construct a food court at the Property costing no less than $1,000,000.00.  *Id.* at ¶ 38.  The Agreement also expanded the scope of the Guaranty to remove any time restriction on Defendant's guarantee of rent which was due and unpaid pursuant to the Lease Extension.  *Id.* at ¶ 40.

Hong Kong Supermarket, HKS, and Defendant breached the Second Rent Arrears Agreement by failing to construct the food court and failing to make payments due thereunder and subsequently refused to vacate the Property upon such default.  Plaintiff was compelled to file a summary eviction action against Hong Kong Supermarket which resolved on November 15, 2018 by way of a Consent Judgment of Possession.  *Id.* at ¶¶ 41-43.

Hong Kong Supermarket, HKS, and Defendant then breached the Consent Judgment of Possession.  Plaintiff eventually evicted Hong Kong Supermarket, HKS, and Defendant from the Property Eventually on April 12, 2019, and subsequently filed the State Court Action.  *Id.* at ¶¶ 44-45.  When Plaintiff filed the initial Complaint in the State Court Action, at least $1,309,400.00 remained unpaid by the Hong Kong Supermarket, HKS, and Defendant pursuant to the Lease Extension.  *Id.* at ¶ 56.

While the State Court Action was pending, on July 8, 2020, Defendant filed a petition for reorganization under Chapter 11 of the Bankruptcy Code.  However, because Defendant may not be discharged from a debt "for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by false pretenses, a false representation, or actual fraud" pursuant to 11 U.S.C. § 523(a)(2), on October 9, 2020, Plaintiff filed an Adversary Complaint initiating the instant action.  *Id.* at ¶ 71.

As relevant to this claim, Plaintiff has alleged that Defendant received fraudulent transfers and conveyances from Hong Kong Supermarket and HKS while at all times aware of Plaintiff's claims. *Id.* at ¶ 72. Indeed, Hong Kong Supermarket, HKS, and Defendant had numerous sub-tenants at the Property, including stores within the supermarket and an Asian buffet next door, from which they received rent and additional rent payments on a monthly basis. *Id.* at ¶¶ 58-59.

However, none of the rent payments received from subtenants were paid to Plaintiff during the years where Hong Kong Supermarket, HKS, and Defendant failed to pay rent due and owing -- even after Defendant was aware that Plaintiff intended to institute litigation and after Plaintiff did in fact institute litigation. *Id.* at ¶¶ 60-62. Furthermore, despite returning to the Property to conduct a "going out of business sale" after eviction, HKS and Hong Kong Supermarket failed to pay any of the proceeds to Plaintiff. *Id.* at ¶¶ 63-64.

## PROCEDURAL HISTORY

Following the filing of Plaintiff's Adversary Complaint against Defendant on October 9, 2020, by Initial Pretrial Order entered on December 9, 2020, the Honorable Robert E. Grossman, U.S.B.J. set the discovery end date as March 31, 2021. *See* Certification of Anthony J. D'Artiglio, Esq. ("D'Artiglio Cert.") at ¶¶ 2-3.

By email dated January 4, 2021, Plaintiff served upon Defendant a Request for Interrogatories, and Request for Production of Documents. *Id.* at ¶ 4, **Ex. 1**.

Defendant also served a Request for Production of Documents upon Plaintiff to which Plaintiff responded on January 22, 2021. Then, at Defendant's request, Plaintiff supplemented its discovery production on February 18, 2021 and is in compliance with its discovery obligations. *See* D'Artiglio Cert. at ¶ 5.

In the meantime, at Defendant's request, Plaintiff consented to extend the time within which Defendant would respond to Plaintiff's discovery demands from February 9, 2021 to February 19, 2021. However, as of February 26, 2021, Defendant had not yet responded to Plaintiff's discovery demands. *Id.* at ¶ 6.

Accordingly, by letter dated February 26, 2021, Plaintiff forwarded correspondence advising Defendant of his failure to comply with his discovery obligations. Plaintiff further advised that, unless responses were received within ten days, Plaintiff would be forced to file an application with the Court. *See* D'Artiglio Cert. at ¶ 7, **Ex. 2**.

Defendant then provided written responses to Plaintiff's Request for Interrogatories and Request for Production of Documents, dated March 8, 2021, along with minimal responsive documents. *See* D'Artiglio Cert. at ¶ 8, **Ex. 3**.

Following a thorough review of Defendant's discovery production, Plaintiff determined that a significant amount of critical information and documents remained outstanding. Accordingly, by letter dated March 18, 2021, Plaintiff submitted a detailed letter identifying the deficiencies within Defendant's discovery production, including basic documents reflection communications by Defendant about Plaintiff and the Property at issue and transactions reflecting rent paid by and to Defendant related to the subject Property. *See* D'Artiglio Cert. at ¶ 9, **Ex. 4**.

In light of the upcoming March 31, 2021 discovery deadline, Plaintiff requested that Defendant supplement his discovery production within the next seven days. *See* D'Artiglio Cert. at ¶ 10.

In the meantime, counsel conferred and mutually agreed to an extension of the discovery end date and submitted to the Court a proposed First Amended Pretrial Order seeking a sixty-day

extension of discovery, which the Court granted and entered on March 23, 2021. The current discovery end date is **May 28, 2021**. *Id.* at ¶ 11.

Despite being given additional time, as of April 19, 2021, Defendant had not responded to Plaintiff's deficiency letter nor had he produced any additional documents. Accordingly, pursuant to Rule 7007-1 of the Local Bankruptcy Rules for the Eastern District of New York, by letter dated April 20, 2021, Plaintiff requested a conference with the Court to address Defendant's woefully deficient discovery responses. Plaintiff's letter set forth its efforts to obtain discovery from Defendant without the need for a motion and listed for the Court the most critical deficiencies. *Id.* at ¶ 12.

As a result, on April 26, 2021, counsel engaged in a discovery conference with Judge Grossman's clerk, Lynn Ryan. In a true reflection of the gamesmanship underlying Defendant's efforts to avoid his discovery obligations, defense counsel attempted to excuse Defendant's failure to produce financial records, stating "***the records are not in Wu's possession, they are in his office***" – a truly absurd distinction. *Id.* at ¶ 13.

Following the conference, Ms. Ryan advised that the Court required a motion to extend the discovery end date beyond May 28, 2021. *Id.* at ¶ 14.

By letter dated April 28, 2021, without producing any documents, Defendant advised that he was "in the process of supplementing" his responses to Plaintiff's discovery demands. Defendant also suggested limiting his production to cover records from January 1, 2017 through July 8, 2020. *See* D'Artiglio Cert. at ¶ 15, **Ex. 5**.

In response, in an effort to cooperate and facilitate Defendant's production of supplemental discovery, Plaintiff agreed to limit the time frame, initially identified as beginning on January 1,

2005, to a start date of January 1, 2014 when Defendant began to fall behind in rent. *See* D'Artiglio Cert. at ¶ 16, **Ex. 6**.

However, rather than accept Plaintiff's limitation which decreases the time-period for production to just seven years, by letter dated April 29, 2021, Defendant balked at the additional three years over his own suggestion and has still not produced any supplemental discovery. *See* D'Artiglio Cert. at ¶ 17, **Ex. 7**.

Accordingly, in light of Defendant's dilatory conduct and his continued failure to produce necessary, relevant information and documents properly requested by Plaintiff as part of discovery despite promises to produce supplemental discovery, Plaintiff has been left with no confidence that, absent a Court Order, Defendant will produce the necessary discovery.

Therefore, Plaintiff now respectfully submits the within Motion to Compel Discovery From Defendant And Extend the Discovery End Date seeks an Order compelling Defendant to produce all outstanding discovery and extending the discovery end date by sixty days.

## <u>STANDARD OF REVIEW</u>

"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of the claim or defense of any party… . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." *Fed. R. Civ. P.* 26(b)(1); *Fed. R. Bankr. P.* 7026(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* A motion to compel may be brought against a party that fails to permit inspection of documents requested or that fails to provide a complete, non-evasive response to interrogatories. *See Fed. R. Civ. P.* 37(a)(2)(B), (a)(3); *Fed. R. Bankr. P.* 7037(a)(2)(B), (a)(3).

"When a party seeks relevant discovery, the party resisting discovery bears the burden of establishing the factual basis for withholding the requested discovery." *Abu-Nassar v. Elders Futures, Inc.*, No. 88 Civ. 7906 (PKL), 1991 U.S. Dist. LEXIS 3794, at *51 (S.D.N.Y. Mar. 28, 1991); *see also Howard v. Galesi*, 107 F.R.D. 348, 350 (S.D.N.Y. 1985). Indeed, where relevant documents are sought, "the party claiming that a discovery request is overbroad or burdensome must show specifically . . . how each question is overly broad, burdensome or oppressive, by submitting affidavits or offering evidence revealing the nature of the burden." *Abu-Nassar*, 1991 U.S. Dist. LEXIS 3794, at *58 (citing *Compagnie Francaise d'Assurance v. Phillips Petroleum Co.,* 105 F.R.D. 16, 42 (S.D.N.Y. 1984).

In *Compagnie Francaise d'Assurance,* the Court noted:

Defendant cannot evade its discovery responsibilities by simply inton[ing] this familiar litany that the interrogatories are burdensome, oppressive or overly broad. … [Defendant] must show specifically how, despite the broad and liberal construction afforded the federal discovery rules, each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive by submitting affidavits or offering evidence revealing the nature of the burden. The court is not required to sift each interrogatory to determine the usefulness of the answer sought. The detail in the complaint specifies the necessary relevance of the interrogatories. The burden now falls upon … the party resisting discovery, to clarify and explain its objections and to provide support therefor.

*Id.* at 42-43 (quoting *Roesberg v. Johns-Mansville Corp.*, 85 F.R.D. 292, 296-97 (E.D. Pa. 1980) (internal quotations and citations omitted). Thus, "[t]o justify restricting discovery for burdensomeness, the lack of value in a question must be clear rather than merely questionable." *Storms v. Sera*, No. 82 Civ. 5573 (CBM), 1983 U.S. Dist. LEXIS 11649, at *7-8 (S.D.N.Y. Nov. 16, 1983).

"If there is no valid reason for withholding the requested discovery, the court may, upon motion of the party seeking discovery, compel the opposing party to respond to the request

pursuant to Fed. R. Civ. P. 37(a)." *Abu-Nassar*, 1991 U.S. Dist. LEXIS 3794, at *52. Thus, where a party has breached its discovery obligations, it is appropriate for the Court to grant a motion to compel. *See Rengifo v. Erevos Enterprises, Inc.*, 06 Civ. 4266 (RLE), 2007 U.S. Dist. LEXIS 46455, at *9 (S.D.N.Y. June 26, 2007) (granting motion to compel discovery where "defendants have breached their discovery obligations by failing to produce the answers to the interrogatories … and by failing to produce the documents they agreed to produce").

## LEGAL ARGUMENT

### I. Defendant Should Be Compelled To Produce Relevant Discovery.

Plaintiff's discovery demands seek relevant, necessary and discoverable information and documents which are critical to prove Plaintiff's claims against Defendant, and Defendant has failed to set forth any valid reasons that justify his withholding of relevant, discoverable information and documents. In fact, although Defendant objected to many of Plaintiff's discovery requests as "overly broad" he has failed to show specifically how any of Plaintiff's requests are overly broad, burdensome or oppressive" and has not offered any evidence or explanation that reveals the nature of the alleged burden. *See Abu-Nassar*, 1991 U.S. Dist. LEXIS 3794, at *58.

Rather, Defendant has failed to produce correspondence and financial records which would allow Plaintiff to track the fraudulent transfers from Defendant's companies to Defendant without explanation as to how such records can possibly be seen as overreaching. In fact, the meager records produced so far in discovery indicate that Defendant received significant benefits from at least one of the companies during a time when it allegedly could not pay rent to Plaintiff due to a lack of funds. Indeed, Plaintiff believes that Defendant or his companies received substantial yearly rents in excess of six figures from his various sub-tenants without Defendant or his companies paying a dime of that subtenant rent to Plaintiff.

Defendant's thwarting of Plaintiff's efforts to track the subtenant rental payments are thus a transparent attempt by Defendant to avoid his discovery obligations while reaping the benefit of the bankruptcy action in order to default on his obligations to Plaintiff. However, Defendant "cannot enjoy the benefits of the bankruptcy process while avoiding its burdens," which includes those related to discovery because "[a]ny other approach would produce an unlevel playing field tilted in the debtor's favor." *In re Lederman*, 140 B.R. 49, 53 (Bankr. E.D.N.Y. May 18, 1992) (overruling debtor's arguments related to privilege and compelling production of documents). Accordingly, Defendant should be required to produce the requested discovery listed herein.

### A. __Interrogatory No. 5__.

Interrogatory No. 5 seeks information identifying any subtenants at the subject Property. *See* **Ex. 3** at p. 5. Without objecting, Defendant responded by identifying a single tenant and indicating that it entered into agreements with "several other subtenants, the identity of which are not presently available." *Id.* However, Defendant reasonably is the only person who would be able to identify the subtenants. Furthermore, the statement that the information is not "presently available" indicates that the information either was available in the past or will be available in the future. Defendant, however, has not offered any explanation why he is incapable of responding to this request nor has he identified any actions taken to comply with his obligation to product this information.

### B. __Interrogatory No. 12__.

Interrogatory No. 12 seeks information related to any financial institutions where funds were deposited from subtenants, Plaintiff, H.K.S., or Hong Kong.[1] *Id.* at p. 7. In response,

---

[1] Plaintiff also requested any and all documents reflecting this information, including documents related to any bank accounts, credit cards or financial accounts owned and operated by Hong Kong or H.K.S. by way of Document Demand No. 30. *Id.* at p. 10. The requested documents

Defendant objected on the grounds that the request is not likely to lead to the discovery of admissible evidence without providing any responsive information. *Id.* However, the requested information related to these financial institutions is not protected from discovery and will allow Plaintiff to track the fraudulent transfers engaged in by Defendant. Furthermore, the information will allow Plaintiff to determine if there are witnesses with relevant information and whether subpoenas should be issued to third parties to obtain further relevant information.

### C. <u>Interrogatories No. 15 and 17.</u>

Interrogatory Nos. 15 and 17 seek information related to communications between Defendant and Hong Kong, H.K.S., and any tenants or subtenants of the Property.[2] *Id.* at pp. 8-9. In response, Defendant admitted that "there were communications on a regular bases between Mr. Wu and Hong King Supermarket of East Brunswick, Inc. and H.K.S. Realty of East Brunswick" and with tenants or subtenants, but failed to identify a single specific communication, the subject matter of any communications, the individuals involved, whether any communications were memorialized in writing, and whether any such documents were produced. Furthermore, Defendant has not offered any explanation why he is incapable of providing any details regarding conversations that occurred so frequently nor has he identified any actions taken to comply with his obligation to product this information.

---

are relevant and discoverable for the same reasons as responsive answers to the subject Interrogatory.

[2] Plaintiff also requested any and all documents reflecting any such communications by way of Document Demand Nos. 26, 27, 28, and 29. *Id.* at pp. 9-10. The requested documents are relevant and discoverable for the same reasons as responsive answers to the subject Interrogatory.

**D.**     **Interrogatory No. 23.**

Interrogatory No. 23 seeks information related to any prior lawsuits involving Defendant. *Id.* at p. 11.  In response, Defendant objected on the grounds that the request is not likely to lead to the discovery of admissible evidence without providing any responsive information.  *Id.* However, information related to any other lawsuits involving Defendant is not protected from discovery and is relevant to numerous of Plaintiff's claims, including, for instance, Plaintiff's assertion that Defendant accepted fraudulent transfers from his various companies.

**E.**     **Document Demand No. 6.**

Document Demand No. 6 seeks all documents related to any agreements between Defendant, Hong Kong, or H.K.S. on the one hand, and JD Design and Rendering, Inc. on the other.  *See* **Ex. 3** at p. 3.  In response, Defendant objected on the grounds that the request is overly broad and ambiguous without providing any responsive information.  *Id.*  Defendant is wrong in both respects.  First, asking for agreements between clearly defined parties is a straightforward demand.  Second, Plaintiff's demand is sufficiently and narrowly limited to those agreements involving Plaintiff or the subject Property.  Furthermore, Defendant has not alleged that the request seeks irrelevant documents nor has he offered any explanation why he is incapable of complying with his obligation to product this information.

**F.**     **Document Demands No. 9.**

Document Demand No. 9 seeks all documents evidencing payments between Plaintiff and Defendant.  *Id.* at p. 4.  In response, Defendant objected on the grounds that the request is overly broad and ambiguous without providing any responsive information.  *Id.*  Defendant is wrong in both respects.  First, asking for records of payments between the parties to the action - the very subject of the instant claims could not be more straightforward.  Second, Plaintiff's demand is

sufficiently and narrowly limited only to those payments between Plaintiff and Defendant. Furthermore, Defendant has not alleged that the request seeks irrelevant documents nor has he offered any explanation why he is incapable of complying with his obligation to product this information.

**G.**     <u>Document Demand Nos. 10, 11, 12, and 14</u>.

Document Demand Nos. 10, 11, and 12 seek all documents evidencing payments between Defendant and Hong Kong, H.K.S., any tenants or subtenants of the Property, or nonparties regarding Plaintiff, the Property, or the subject matter of This Litigation. *Id.* at pp. 4-5. In response, Defendant objected on the grounds that the requests are not likely to lead to the discovery of admissible evidence without providing any responsive information. *Id.* However, Plaintiff has alleged that Defendant fraudulently transferred money to Hong Kong and H.K.S. in order to escape his obligations to Plaintiff. Similarly, Plaintiff has alleged that Defendant received payments from tenants and subtenants which he failed to use to pay his creditors and instead fraudulently transferred in order to escape his obligations to Plaintiff. Moreover, any payments made to nonparties related to Plaintiff, the Property, or the subject matter of this Litigation is also relevant. Indeed, by way of example, responsive documents would include payments to other creditors, to other outside vendors for repair or construction work, or to other companies in which Defendant has an interest. The requested information is thus relevant it goes to the heart of Plaintiff's fraudulent transfer claim.

**H.**     <u>Document Demand No. 13</u>.

Document Demand No. 13 seeks all documents related to any payments between Defendant, Hong Kong, or H.K.S. on the one hand, and JD Design and Rendering, Inc. on the other. *Id.* at p. 5. In response, Defendant objected on the grounds that the requests are not likely

13

to lead to the discovery of admissible evidence without providing any responsive information. *Id.* However, evidence of payments related to JD Design and Rendering, Inc. is relevant to Defendant's purported defenses to some of the unpaid rent, namely that Defendant, Hong Kong, or H.K.S. made suitable efforts to construct a food court at the property.

## I.    <u>Document Demand Nos. 16 and 32</u>.

Document Demand Nos. 16 and 32 seek all documents evidencing the membership or ownership structure of H.K.S., including corporate formation documents, operating agreements, organization charges, and membership agreements. *Id.* at pp. 6, 10. In response, Defendant objected on the grounds that the requests are overly broad, ambiguous, and not likely to lead to the discovery of admissible evidence, without providing any responsive information. *Id.* Defendant is wrong in all respects. First, Defendant was able to respond to Demand No. 15, which similarly sought information regarding the membership or ownership structure of *Hong Kong*. Second, the information is necessary for Plaintiff to determine Defendant's corporate structure and hierarchy, to establish Defendant's interest in the companies, to determine whether his distributions from those companies were appropriate, and to identify additional fact witnesses. Furthermore, Defendant has not offered any explanation why he is incapable of complying with his obligation to product this information.

## J.    <u>Document Demand No. 21</u>.

Document Demand No. 21 seeks all documents evidencing any distributions, dividends, or similar payouts from H.K.S. to Defendant. *Id.* at p. 8. In response, Defendant objected on the grounds that the request is overly broad, ambiguous, and not likely to lead to the discovery of admissible evidence, without providing any responsive information. *Id.* Defendant is wrong in all respects. First, Defendant was able to respond to Demand No. 19, which sought the same

information for *Hong Kong*, evidencing Defendant plainly understood the demand. Second, contrary to Defendant's assertion, information related to Defendant's payments from H.K.S. is relevant as it goes to the heart of Plaintiff's fraudulent transfer claim. Furthermore, Defendant has not offered any explanation why he is incapable of complying with his obligation to product this information.

**K.** **Document Demand No. 22.**

Document Demand No. 22 seeks all documents evidencing any salary, benefits, or perks Defendant received from H.K.S. *Id.* at p. 8. In response, Defendant objected on the grounds that the request is overly broad, ambiguous, and not likely to lead to the discovery of admissible evidence, without providing any responsive information. *Id.* Defendant is wrong in all respects. First, Defendant was able to respond to Demand No. 20, which sought the same information for *Hong Kong*, evidencing Defendant plainly understood the demand. Second, contrary to Defendant's assertion, information related to Defendant's payments from H.K.S. is relevant as it goes to the heart of Plaintiff's fraudulent transfer claim. Furthermore, Defendant has not offered any explanation why he is incapable of complying with his obligation to product this information.

**L.** **Document Demand No. 33.**

Document Demand No. 33 seeks all board minutes, officer reports, board agendas, or similar documents for H.K.S. and Hong Kong. *Id.* at p. 11. Defendant objected on the grounds that the request is not likely to lead to the discovery of admissible evidence, without providing any responsive information. *Id.* However, the requested documents are not protected from discovery and could provide insight into the financial performance of the supermarket, Defendant's knowledge of Plaintiff's claims, and actions taken with regard to outstanding debt, and are thus relevant to Plaintiff's fraudulent transfer claims.

**M.** **Document Demand Nos. 34 and 43.**

Document Demand Nos. 34 and 43 seek all documents related to source of the escrow funds and Defendant's challenge to Plaintiff's right to retain the escrow amount. Plaintiff understands it is Defendant's position (albeit, an incorrect one) that he was entitled to a return of the escrow funds and the funds were "potentially" part of the Bankruptcy Estate. To the extent that Defendant continues to assert this misguided position, Plaintiff plainly is entitled to any documents supporting the contention.

**N.** **Document Demand Nos. 35 and 36.**

Document Demand Nos. 35 and 36 seek all balance sheets, financial statements, or similar documents for H.K.S. and Hong Kong and documents related to the financial performance of the supermarket. *Id.* at p. 11. Defendant objected on the grounds that the requests are not likely to lead to the discovery of admissible evidence, without providing any responsive information. *Id.* However, the financials of the supermarket are relevant to Plaintiff's fraudulent transfer claims.

**O.** **Document Demand No. 37.**

Document Demand No. 37 seeks all documents related to the supermarket at the subject property going out of business. *Id.* at p. 12. Defendant objected on the grounds that the request is not likely to lead to the discovery of admissible evidence, without providing any responsive information. *Id.* However, the requested documents are not protected from discovery and are relevant to Plaintiff's fraudulent transfer claims, as Plaintiff asserts that revenue obtained from the going out of business sale were wrongfully retained by Defendant.

**P.** **Document Demand No. 39.**

Document Demand No. 39 seeks all documents related to Defendant, Hong Kong, or H.K.S. failure to make rent payments. *Id.* at p. 12. Defendant objected on the grounds that the

request is not likely to lead to the discovery of admissible evidence, without providing any responsive information. *Id.* Incredibly, Defendant makes this claim despite the fact that his failure to make rent payments constitutes the entirety of the debts owed to Plaintiff which he failed to pay, rendering documents which could establish the reasons for that failure undeniably relevant.

**Q.** **Document Demand No. 42.**

Document Demand No. 42 seeks all documents related to Defendant, Hong Kong, or H.K.S. timely vacating the subject property pursuant to the license agreement. *Id.* at p. 12. Defendant objected on the grounds that the request is not likely to lead to the discovery of admissible evidence, without providing any responsive information. *Id.* However, evidence of vacation from the subject Property is relevant to Defendant's purported defenses to some of the unpaid rent, namely that H.K.S. did not breach the license agreement.

As demonstrated herein, Plaintiff has made a good faith effort to confer with Defendant to resolve the issues raised by the motion by agreement and without judicial intervention, but has been unable to reach an agreement. Indeed, rather than produce the requested relevant information and documents, Defendant has delayed and engaged in contumacious tactics to avoid producing even the most basic documents, instead falsely and baldly asserting that the requested documents are overly broad and irrelevant. However, Defendant has not offered any evidence or explanation to support that Plaintiff's requests are overly broad or burdensome. Instead, the requested information and documents are plainly relevant and sufficiently limited as they are directly related to the substance of the allegations contained in Plaintiff's Adversary Complaint.

## <u>CONCLUSION</u>

Thus, for the foregoing reasons, Plaintiff respectfully requests that the Court grant the within its Motion to Compel Discovery From Defendant And Extend the Discovery End Date By Sixty Days in its entirety, and grant such, other, further, and additional relief as the Court deems just and proper, including reasonable attorney's fees and costs.

Dated: Woodland Park, New Jersey
      May 7, 2021                    ANSELL GRIMM & AARON, P.C.

                              By:     *<u>s/ Anthony J. D'Artiglio, Esq.</u>*
                                       Anthony J. D'Artiglio, Esq.
                                       Joshua S. Bauchner, Esq.
                                       365 Rifle Camp Road
                                       Woodland Park, New Jersey 07424
                                       (973) 247-9000 Phone

                                       *Attorneys for Plaintiff*